**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
ams@gauntlettlaw.com

Attorneys for Plaintiffs
LOPEZ TAX SERVICE, INC., CARLOS
C. LOPEZ, KRISTEENA S. LOPEZ,
and LATINO TAX PROFESSIONALS
ASSOCIATION, LLC

Nicholas Ranallo (SBN 275016)
Attorney at Law
371 Dogwood Way
Boulder Creek, California  95006
Telephone:    (831) 703-4011
Facsimile:    (831) 533-5073
nick@ranallolawoffice.com

**THRESHOLD COUNSEL, PC**
Christopher E. Gatewood *(Admitted PHV)*
1905 Huguenot Road, Suite 200
Richmond, Virginia  23235
Telephone:    (804) 677-0947
Facsimile:    (804) 482-2641
chris@thresholdcounsel.com

Attorneys for Defendant
THE INCOME TAX SCHOOL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LOPEZ TAX SERVICE, INC., a California corporation, CARLOS C. LOPEZ, an individual, KRISTEENA S. LOPEZ, an individual, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>THE INCOME TAX SCHOOL, INC., a Virginia corporation,<br><br>Defendant. | Case No.  CV12-0654-JSW<br><br>Consolidated with Case No. CV12-04181-JSW<br><br>Hon. Jeffrey S. White<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    October 26, 2012<br>Time:    9:00 a.m.<br>Ctrm:    11, 19th Floor |

The parties to this consolidated action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

**1. JURISDICTION & SERVICE**

Plaintiffs Lopez Tax Service, Inc. ("LTS"), Carlos C. Lopez ("Carlos Lopez"), Kristeena S. Lopez ("Kristeena Lopez") and Latino Tax Professionals Association, LLC ("LTPA") (collectively, "Plaintiffs") bring Case No. CV12-02654-JSW ("*Lopez* suit") against Defendant The Income Tax School, Inc. ("ITS"). Case No. CV12-04181-JSW (the "*ITS* suit") is consolidated with the *Lopez* suit. The *Lopez* suit is the lead case [Docket No. 28].

The *ITS* suit against LTPA alleges copyright infringement and violations of the Digital Millennium Copyright Act. The ITS suit was originally filed in the Eastern District of Virginia and made the same allegations against LTS, Carlos Lopez and Kristeena Lopez, but those claims were dismissed for lack of jurisdiction and insufficient service. Having found a lack of personal jurisdiction against three of the four defendants, the Eastern District of Virginia court then transferred to this district. The *Lopez* suit seeks declaratory relief pursuant to 28 U.S.C. § 2201 for a determination that no plaintiff has infringed any copyright of ITS and has not violated the Digital Millennium Copyright Act.

This Court has jurisdiction over this consolidated action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity between the plaintiffs and the defendant. Plaintiffs are citizens of California. ITS is a citizen of Virginia. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs in addition to the declaratory relief sought in the *Lopez* suit. There is federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the claims arise under the Copyright Act (17 U.S.C. § 501 et seq.) and the Digital Millennium Copyright Act (17 U.S.C. § 1202).

ITS was served in the *Lopez* suit on May 23, 2012 and initially ITS moved to dismiss it. But by Stipulated Order on October 3, 2012 [Docket No. 28] the motion was denied. ITS has agreed to file its answer to the *Lopez* suit Complaint and a counterclaim by October 17, 2012. The

Plaintiffs herein who are named as counter-defendants will timely respond to ITS' counterclaim. LTPA will answer the *ITS* suit complaint by October 17, 2012.

**2. FACTS**

ITS contends that it is the author or assignee of compilations of certain government publications concerning income tax return forms and their proper preparation and that Plaintiffs have created, distributed and used copies of ITS' documents or derivative works in Plaintiffs' alleged business of providing continuing education to income tax return preparation professionals, thereby damaging ITS.

Plaintiffs contend that ITS' allegedly copyrighted documents are instructions for tax preparers to use while completing specific federal or state income tax forms, but the allegedly-infringing materials to which ITS' complaint refers are educational materials designed to prepare tax professionals to take and pass the Internal Revenue Service's Registered Tax Return Preparer test. Plaintiffs also contend that their accused materials do not infringe any valid ITS copyrights for various reasons including that the materials ITS alleges it has copyrighted are not original or copyrightable. Unlike ITS' materials many of Plaintiffs' materials are in Spanish, designed to instruct tax preparers for whom English is not their first language.

**3. LEGAL ISSUES**

The central legal issues in the *Lopez* suit are whether (1) ITS' claimed materials are copyrightable; and (2) any of the Plaintiffs infringed any valid copyrights. In the *ITS* suit an additional legal issue is whether and, if so, to what extent ITS is entitled to damages if any of the Plaintiffs are found to have infringed ITS' copyrights.

**4. MOTIONS**

The parties may move for summary judgment after discovery.

**5. AMENDMENT OF PLEADINGS**

Lopez' Second Claim for Declaratory Relief re Disparagement has been dismissed without prejudice [Docket No. 28]. Neither Lopez nor ITS presently anticipates adding or dismissing any additional claims or parties after the filing of pleadings as contemplated in part 1

1 hereof.

**6. EVIDENCE PRESERVATION**

The parties have not specifically agreed to evidence preservation but anticipate that any relevant ESI or other evidence is and will remain preserved. Respective counsel for Lopez and ITS have cautioned their clients about the need for electronic evidence preservation.

**7. DISCLOSURES**

Initial disclosures are to be made by each party not later than October 16, 2012. Each party intends to disclose its non-expert witnesses, documents supporting its case-in-chief, a calculation of damages and information concerning relevant potentially applicable insurance as required by Fed. R. Civ. P. 26(a).

**8. DISCOVERY**

No discovery has been done. Each party anticipates taking the depositions of the other sides' disclosed percipient witnesses, as well as serving requests for production of documents, requests for admission and interrogatories. Proposed discovery cutoff dates are set forth in Sec. 17 below.

**9. CLASS ACTIONS**

This case is not a class action.

**10. RELATED CASES**

The *Lopez* and *ITS* cases have been deemed related [Docket No. 26] and are now consolidated. No other related cases or proceedings are pending before another judge of this Court or before another court or administrative body.

**11. RELIEF**

Plaintiffs seek a declaratory judgment establishing that they have not infringed any ITS copyrights.

ITS seeks compensation for economic damages from what it contends is the unlicensed and infringing copying and distribution of copyrighted works, resulting profits to any adjudicated party infringer, and/or any other damages that may be developed in discovery and presented at trial of this

matter.

**12. SETTLEMENT AND ADR**

The parties have agreed to an Early Neutral Evaluation of this case.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties decline to proceed before a Magistrate Judge.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties are not presently aware of issues susceptible to narrowing by motion. If as discovery progresses it appears that the presentation of evidence at trial can be narrowed through stipulated facts the parties will so advise the Court. Bifurcation of issues, claims or defenses is not required.

**16. EXPEDITED TRIAL PROCEDURE**

This case is not suitable for handling under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. SCHEDULING**

The parties have agreed to the following deadlines:

| | |
|---|---|
| Non-expert discovery cutoff: | June 3, 2013 |
| Expert disclosure: | July 8, 2013 |
| Expert discovery cutoff: | August 30, 2013 |
| Pretrial conference: | October 1, 2013 |
| Trial: | October 22, 2013 |

**18. TRIAL**

As no party has requested a jury, the case shall be tried to the Court. The trial is expected to last 5 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed or will file a Disclosure Statement/Certificate of Disinterested Parties.

**20. OTHER**

The parties are not aware of other matters that may facilitate the just, speedy and inexpensive disposition of the matter other than as stated above.

Dated: October 17, 2012 **GAUNTLETT & ASSOCIATES**

By:   /s/ Andrew M. Sussman
         David A. Gauntlett
         James A. Lowe
         Andrew M. Sussman

Attorneys for Plaintiffs
LOPEZ TAX SERVICE, INC., CARLOS C. LOPEZ, KRISTEENA S. LOPEZ, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC

Dated: October 17, 2012 Nicholas Ranallo

By:   /s/  Nicholas Ranallo
         Attorney at Law
         371 Dogwood Way
         Boulder Creek, California  95006
         Telephone:    (831) 703-4011
         Facsimile:     (831) 533-5073

Christopher E. Gatewood *[Admitted Pro Hac Vice]*
THRESHOLD COUNSEL, PC
1905 Huguenot Road, Suite 200
Richmond, Virginia  23235
Telephone:    (804) 677-0947
Facsimile:     (804) 482-2641

Attorneys for Defendant
THE INCOME TAX SCHOOL, INC.

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____     _____
                                                              UNITED STATES DISTRICT JUDGE