Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com

Christopher E. Gatewood *(Admitted PHV)*
Threshold Counsel, PC
1905 Huguenot Road, Suite 200
Richmond, Virginia  23235
Telephone:  (804) 677-0947
Facsimile:   (804) 482-2641
chris@thresholdcounsel.com

*Attorneys for Defendant The Income Tax School*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LOPEZ TAX SERVICE, INC., a California corporation, CARLOS C. LOPEZ, an individual, KRISTEENA S. LOPEZ, an individual, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>THE INCOME TAX SCHOOL, INC., a Virginia corporation,<br><br>Defendant. | Case No.  CV12-02654-JSW<br><br>Consolidated with Case No. CV12-04181-JSW<br><br>Hon. Jeffrey S. White<br><br><br>**ANSWER AND COUNTERCLAIM OF THE INCOME TAX SCHOOL, INC.** |

**ANSWER**

The Income Tax School, Inc. ("ITS"), by counsel, as and for its Answer to the Complaint of Carlos C. Lopez, Kristeena S. Lopez, Latino Tax Professionals Association, LLC, and Lopez Tax Service, Inc. (collectively "Lopez Parties"), states as follows:

1. Based on information and belief, ITS admits the allegations in paragraph 1 of the Complaint.

2. Based on information and belief, ITS admits the allegations in paragraph 2 of the Complaint.

3. Based on information and belief, ITS admits the allegations in paragraph 3 of the Complaint.

4. ITS admits the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint consists of legal conclusions, to which no response in required in this Answer.  ITS denies that the Lopez Parties are entitled to relief on any cause of action.

6. Paragraph 6 of the Complaint consists of legal conclusions, to which no response in required in this Answer.

7. Paragraph 7 of the Complaint mischaracterizes the allegations of ITS with respect to the territorial and jurisdictional matters therein, and ITS therefore denies the allegations of paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint consists of legal conclusions, to which no response in required in this Answer.

9. Paragraph 9 of the Complaint consists of legal conclusions, to which no response in required in this Answer.

**COPYRIGHT INFRINGEMENT**

10. ITS admits the allegations in paragraph 10 of the Complaint.

11. ITS admits the allegations in paragraph 11 of the Complaint.

12. ITS admits the allegations in paragraph 12 of the Complaint.

13. ITS denies the allegations of paragraph 13 of the Complaint.

14. ITS denies the allegations of paragraph 14 of the Complaint.

15. ITS denies the allegations of paragraph 15 of the Complaint, except for the final sentence of paragraph 15 which contains a legal opinion to which no response is necessary.

16. ITS denies the allegations of paragraph 16 of the Complaint, except for the first sentence of paragraph 16 which contains a legal opinion to which no response is necessary.

17. ITS denies the allegations of paragraph 17 of the Complaint, except for the part of that paragraph which contains a legal opinion, to which no response is necessary.

18. ITS denies the allegations of paragraph 18 of the Complaint.

19. ITS denies the allegations of paragraph 19 of the Complaint.

20. ITS lacks direct knowledge of the business practices of the parties referenced in paragraph 20 of the Complaint, and therefore denies the allegations of paragraph 20 of the Complaint.  ITS denies the last sentence of paragraph 20 of the Complaint.

21. ITS denies the allegations of paragraph 21 of the Complaint.

## DISPARAGEMENT

22.-29. Per stipulation of the parties and subsequent Order of the Court, the Lopez Parties have withdrawn the disparagement count of their Complaint, mooting this portion of the Complaint.  To the extent that ITS is required to respond, ITS denies the allegations of paragraphs 22-29 of the Complaint.

## DECLARATORY COUNT I: COPYRIGHT INFRINGEMENT

30. ITS incorporates its responses to all preceding paragraphs as its response to paragraph 30 of the Complaint.

31. ITS denies the allegations of paragraph 31 of the Complaint, to the extent that the first-filed ITS suit has now been transferred to this Court.

32. ITS denies the allegations of paragraph 32 of the Complaint.

33. ITS admits that a bona fide controversy exists among the parties hereto, and otherwise denies the allegations and prayer for relief in paragraph 33 of the Complaint.

34. ITS admits that a bona fide controversy exists among the parties hereto, and otherwise denies the allegations and prayer for relief in paragraph 34 of the Complaint.

## DECLARATORY COUNT II: DISPARAGEMENT

35-38. Per stipulation of the parties and subsequent Order of the Court, the Lopez Parties have withdrawn the disparagement count of their Complaint, mooting this portion of the Complaint. To the extent that ITS is required to respond, ITS denies the allegations of paragraphs 35-38 of the Complaint.

The remaining paragraphs of the Complaint consist of the Lopez Parties' WHEREFORE clause and Prayer for Relief. ITS denies that any such relief, or any other relief, is due to any of the Lopez Parties in this matter.

# COUNTERCLAIM

The Income Tax School, Inc. ("ITS"), by counsel, as and for its Counterclaim against Carlos C. Lopez, Kristeena S. Lopez, Latino Tax Professionals Association, LLC, and Lopez Tax Service, Inc. (collectively "Lopez Parties"), states as follows:

## Parties

1. ITS is an educational services and publishing company organized and existing under the laws of Virginia, with its principal place of business in Glen Allen, Virginia.

2. Upon information and belief, Carlos C. Lopez ("Mr. Lopez") is an individual resident of California and an owner and officer of the defendant business entities, who participated actively and knowingly in the infringing activities alleged herein.

3. Upon information and belief, Kristeena S. Lopez ("Mrs. Lopez") is an individual resident of California and an owner and officer of the defendant business entities, who participated actively and knowingly in the infringing activities alleged herein.

4. Upon information and belief, Latino Tax Professionals Association, LLC, is a California limited liability company with its address at 1588 Moffett Street, Suite F, Salinas, California 93905.

5. Upon information and belief, Lopez Tax Service, Inc., is a California corporation, with its address at 1588 Moffett Street, Suite F, Salinas, California 93905.

## Facts

6. ITS is the author and publisher of training materials for income tax professionals, from its offices in Glen Allen, Virginia.

7. The Lopez Parties are competitors of ITS.

8. ITS is the author of works that include original material and protectable compilations and derivative works of United States government publications.  Those works (the "ITS Works") are registered with the United States Copyright Office, including as follows:

  a. Comprehensive Income Tax Course – 2009  (Reg. No. TX 7-418-027)

  b.  Comprehensive Income Tax Course – 2008  (Reg. No. TX 7-418-016)

  c. Comprehensive Income Tax Course – 2010  (Reg. No. TX 7-418-038)

  d. Comprehensive Income Tax Course – 2011  (Reg. No. TX 7-418-035)

  e. California Comprehensive 2008  (Reg. No. 7-418-020)

  f. California Comprehensive 2009  (Reg. No. 7-418-023)

  g. California Comprehensive 2010  (Reg. No. 7-418-042)

  h. California Comprehensive 2011  (Reg. No. 7-418-032)

  i. Comprehensive New York State Supplement  (Reg. No. 7-459-640)

  j. State Returns Resident, Part-Year and Nonresident Seminar  (Reg. No. TX 7-475-032)

  k. State Returns Resident, Part-Year and Nonresidents  (Reg. No. TX 7-459-430)

  l. Oregon 80-Hour Basic Tax Course  (Reg. No. TX 7-470-202)

  m. Amended Returns Seminar  (Reg. No. TX 7-460-816)

  n. The Income Tax School Seminar Series – Nonresident Alien Returns – Form 1040 NR  (Reg. No. TX 7-475-034)

  o. Nonresident Alien Returns Seminar  (Reg. No. 7-460-833)

  p. The Income Tax School Seminar Series – Earned Income Credit (2011) (Reg. No. TX 7-460-832)

  q. The Income Tax School Seminar Series – Earned Income Credit (2010) (Reg. No. TX 7-460-838)

    r.    Clergy Seminar  (Reg. No. 7-460-839)

    s.    The Income Tax School – Clergy Instructors Manual and The Income Tax School – Clergy Student Manual  (Reg. No. TX 7-458-972)

    t.    Schedule C – Seminar  (Reg. No. TX 7-475-024)

    u.    Retirement Plans Seminar  (Reg. No. TX 7-475-028)

    v.    Rental Property Seminar  (Reg. No. 7-475-029)

9.    Conclusive demonstrations of actual copying and creation of infringing derivative works by the Lopez Parties include the Lopez Parties' verbatim use of names of friends and family members that are inserted into teaching examples by ITS authors and editors.

10.    The Lopez Parties were formerly, until 2008, licensees of the training publications of ITS and/or its related company.  The vast majority of the works illegally copied by the Lopez Parties were created and published after the termination of that license agreement.

11.    At an industry trade show after the expiration of the Lopez Parties' license to use or copy any ITS Works, Mr. Lopez approached ITS's president and stated that for the tax training materials that are ITS's stock in trade, ITS had already "done all the heavy lifting" (meaning for Mr. Lopez and his companies) in preparing such materials.

12.    The ITS Works carry copyright notices:  "Copyright © The Income Tax School, Inc., [year] – All Rights Reserved."

13.    In spite of this notice, and with knowledge of ITS's rights in the ITS Works, the Lopez Parties copied the ITS Works without permission to do so and without license, and created infringing derivative works based on the ITS Works, and without compensation to ITS.  On these copies, the Lopez Parties deliberately removed the copyright notice included thereon by ITS.

14.    The Lopez Parties, as well as their training affiliates and partner businesses, have used and continue to use and to illegally copy the infringing materials of the Lopez Parties.

15. The Lopez Parties have profited handsomely by their illicit use of the Works developed and published by ITS, expanding their sales and distribution of the infringing materials across the United States.

16. On April 4, 2012, the Lopez Parties sent or caused to be sent by email to their promotional email distribution list a sample of training materials that their organizations were offering for sale, which included review questions to accompany training materials sold by the Lopez Parties. The vast majority of those review questions offered as part of the Defendant's training materials were taken directly from those recently published by ITS.

17. The actions by the Lopez Parties and their training affiliates and partner businesses consist of commercial use of all or substantially all of an entire work of creative authorship, thereby depriving ITS of the market for the works and all potential benefit to ITS by the exploitation of ITS's exclusive rights in the ITS Works.

18. As the author of the ITS Works, ITS has exclusive rights in them. 17 U.S.C. § 102(a)(8). ITS's exclusive rights in the ITS Works include the exclusive rights to make copies or derivative works of the ITS Works. 17 U.S.C. § 106(1)-(2). The Lopez Parties have done both of these things, without license or legal justification.

19. The Lopez Parties' modification of the ITS Works included removal of ITS's copyright notices from the ITS Works. The illegal modification, copying, creation of infringing derivative works, and removal of copyright notices was done with actual notice and in conscious disregard of ITS's rights. Such willful infringement is punishable by fines of up to $150,000 per work. 17 U.S.C. § 504(c)(2).

### Count I - Copyright Infringement

20. ITS hereby references and incorporates the above paragraphs into this Count I as if fully set forth herein.

21. ITS owns the copyright in the ITS Works discussed above. The ITS Works are registered with the United States Copyright Office, and are original works of authorship protected from unauthorized copying by 17 U.S.C. § 101.

22. The Lopez Parties made unauthorized copies of the ITS Works, created infringing derivative works, distributed those unauthorized copies and infringing derivative works, and profited from those unauthorized and infringing copies and infringing derivative works, at ITS's expense.

23. The Lopez Parties willfully made and distributed unauthorized copies and infringing derivative works, which they knew they did not have right or permission from ITS to make, with conscious disregard of ITS's rights.

24. As a result of the Lopez Parties' actions as described above and in this Count I, ITS has been damaged, in a precise amount to be proven by the evidence at trial.

**Count II Violation of Digital Millennium Copyright Act (17 U.S.C. § 1202))**

25. ITS hereby references and incorporates the above paragraphs into this Count II as if fully set forth herein.

26. ITS owns the copyright in the ITS Works discussed above. The ITS Works are registered with the United States Copyright Office, and are original works of authorship.

27. As discussed above, the Lopez Parties have intentionally removed and altered copyright management information from the ITS Works, knowing that they did not have the authority of the copyright owner or of the law. The Lopez Parties knew or had reasonable grounds to know, that such actions would induce, enable, facilitate, or conceal an infringement of right under United States copyright code.

28. As a result of the Lopez Parties' actions as described above and in this Count II, ITS has been damaged, in a precise amount to be proven by the evidence at trial.

WHEREFORE, ITS, by counsel, respectfully requests that this Court grant the following relief:

A. The entry of an injunction (pursuant to 17 U.S.C. §§ 502 and 1203(b)) prohibiting further infringement or use of its copyrighted works by any of the Lopez Parties, their agents, representatives, affiliates, members, distributors, or contractors, and requiring the return of all infringing copies, variations, and derivative works to ITS;

B. That ITS be awarded the greater of Lopez Parties' profits arising out of the project based upon the ITS Works, ITS's lost profits, a reasonable royalty for past infringement, or statutory damages as applicable under law (including those for willful infringement), pursuant to 17 U.S.C. §§ 504(b), 504(c), and 1203(c)(3);

C. That ITS be compensated for its attorneys' fees and costs incurred in this matter to the extent permissible by law for works infringed after the effective date of their registration, and/or for which the effective date of registration was within 3 months of publication;

D. That an order be entered prohibiting further misappropriation or further use of the ITS Works or any derivative thereof;

E. That ITS be awarded such other and further relief as justice may require.

DATED: October 17, 2012            NICHOLAS RANALLO, ATTORNEY AT LAW

                                   By: _____/s/ Nicholas Ranallo

Nicholas Ranallo (Cal Bar # 275016)
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

**CERTIFICATE OF SERVICE**

    THE UNDERSIGNED HEREBY CERTIFIES that on this 17th day of October, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all parties receiving notification through the CM/ECF system.

                                            /s/    Nicholas R. Ranallo

                                         Nicholas Ranallo, Attorney at Law