**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
ams@gauntlettlaw.com

Attorneys for Plaintiffs
LOPEZ TAX SERVICE, INC., CARLOS C. LOPEZ, KRISTEENA S. LOPEZ, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LOPEZ TAX SERVICE, INC., a California corporation, CARLOS C. LOPEZ, an individual, KRISTEENA S. LOPEZ, an individual, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>THE INCOME TAX SCHOOL, INC., a Virginia corporation,<br><br>                    Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIM<br>_____ | Case No.  CV12-02654-JSW<br><br>[Consolidated with Case No. CV12-04181-JSW]<br><br>Hon. Jeffrey S. White<br><br>**REPLY TO COUNTERCLAIM OF THE INCOME TAX SCHOOL, INC.** |

## REPLY TO COUNTERCLAIM

In reply to the Counterclaim of The Income Tax School, Inc. ("ITS"), Carlos C. Lopez, Kristeena S. Lopez, Latino Tax Professionals Association, LLC ("LTPA"), and Lopez Tax Service, Inc. ("LTS") (collectively, "Plaintiffs") allege:

### Parties

1. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Counterclaim and therefore deny them.

2. Plaintiffs admit that Carlos C. Lopez is an individual resident of California, a shareholder and an officer of LTS, and a member of LTPA. Plaintiffs deny each and every remaining allegation in paragraph 2 of the Counterclaim.

3. Plaintiffs admit that Kristeena S. Lopez is an individual resident of California, an officer of LTS, and a member of LTPA. Plaintiffs deny each and every remaining allegation in paragraph 3 of the Counterclaim.

4. Plaintiffs admit the allegations of paragraph 4 of the Counterclaim.

5. Plaintiffs admit the allegations of paragraph 5 of the Counterclaim.

### Facts

6. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Counterclaim and therefore deny them.

7. Plaintiffs deny each and every allegation in paragraph 7 of the Counterclaim.

8. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Counterclaim and therefore deny them.

9. Plaintiffs deny each and every allegation in paragraph 9 of the Counterclaim.

10. Plaintiffs deny each and every allegation in paragraph 10 of the Counterclaim.

11. Plaintiffs deny each and every allegation in paragraph 11 of the Counterclaim.

12. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaim and therefore deny them.

13. Plaintiffs deny each and every allegation in paragraph 13 of the Counterclaim.

14. Plaintiffs deny each and every allegation in paragraph 14 of the Counterclaim.

1     15.     Plaintiffs deny each and every allegation in paragraph 15 of the Counterclaim.

2     16.     Plaintiffs deny each and every allegation in paragraph 16 of the Counterclaim.

3     17.     Plaintiffs deny each and every allegation in paragraph 17 of the Counterclaim.

4     18.     Plaintiffs admit that an author has certain copyrights in works but denies each and every other allegation in paragraph 18 of the Counterclaim.

6     19.     Plaintiffs deny each and every allegation in paragraph 19 of the Counterclaim.

### Count I – Copyright Infringement

20. Answering paragraph 20 of the Counterclaim, Plaintiffs reference and incorporate the above paragraphs as if fully set forth herein.

21. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Counterclaim and therefore deny them.

22. Plaintiffs deny each and every allegation in paragraph 22 of the Counterclaim.

23. Plaintiffs deny each and every allegation in paragraph 23 of the Counterclaim.

24. Plaintiffs deny each and every allegation in paragraph 24 of the Counterclaim.

### Count II – Violation of Digital Millennium Copyright Act (17 U.S.C. § 1202)

25. Answering paragraph 25 of the Counterclaim, Plaintiffs hereby reference and incorporate the above paragraphs as if fully set forth herein.

26. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Counterclaim and therefore deny them.

27. Plaintiffs deny each and every allegation in paragraph 27 of the Counterclaim.

28. Plaintiffs deny each and every allegation in paragraph 28 of the Counterclaim.

29. Except as expressly admitted herein, Plaintiffs deny each and every allegation of the Counterclaim.

### AFFIRMATIVE DEFENSES

30. ITS has failed to state a claim upon which relief can be granted.

31. The claims of ITS are barred by the doctrine of laches.

32. The claims of ITS are barred by the doctrine of estoppel.

33. The claims of ITS are barred by the doctrine of unclean hands.

34. The claims of ITS are barred by the doctrine of waiver.

35. Any similarity between the ITS works and the works of any of the Plaintiffs is privileged or permitted by the fair use doctrine.

36. On information and belief, ITS has unreasonably failed to mitigate its damages (which damages otherwise are expressly denied) and, to that extent, ITS is barred from recovery against Plaintiffs.

37. On information and belief, ITS has fully or partially mitigated any damages alleged in the Counterclaim (which damages otherwise are expressly denied) and, to that extent, ITS is barred from recovery against Plaintiffs.

WHEREFORE, Plaintiffs pray that this Court:

1. Enter a judgment in favor of Plaintiffs and against ITS on its Counterclaim;

2. Award Plaintiffs their costs of suit;

3. Award Plaintiffs their attorneys' fees;

4. Award Plaintiffs their such other and further relief that the Court deems just and proper; and

5. Declare that ITS shall take nothing in this action.

Dated:  October 22, 2012                **GAUNTLETT & ASSOCIATES**

By:   /s/  Andrew M. Sussman
      David A. Gauntlett
      James A. Lowe
      Andrew M. Sussman

Attorneys for Plaintiffs
LOPEZ TAX SERVICE, INC., CARLOS C. LOPEZ, KRISTEENA S. LOPEZ, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC