**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Andrew M. Sussman (SBN 112418)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
ams@gauntlettlaw.com

Attorneys for Plaintiffs and Counter-Defendants
LOPEZ TAX SERVICE, INC., CARLOS C. LOPEZ, KRISTEENA S. LOPEZ, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LOPEZ TAX SERVICE, INC., a California corporation, CARLOS C. LOPEZ, an individual, KRISTEENA S. LOPEZ, an individual, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> THE INCOME TAX SCHOOL, INC., a Virginia corporation, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No. CV12-02654-JSW <br><br> (Consolidated with Case No. CV12-04181-JSW) <br><br> Hon. Jeffrey S. White <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Plaintiffs Lopez Tax Service, Inc., Carlos C. Lopez, Kristeena S. Lopez, and Latino Tax Professionals Association, LLC on the one hand, and Defendant The Income Tax School, Inc. ("ITS"), on the other hand (collectively, the "Parties") hereby stipulate and agree pursuant to Fed. R. Civ. P. 26 that, subject to and upon approval of the Court, the following terms and conditions will govern the designation, production, examination, use and filing of "Confidential" Material and

"Attorneys' Eyes Only" Material by any Party to this litigation and by any third party who elects to be bound by this Order.

1. Any Party or third party designating material as "Confidential Material" represents its good faith belief that (a) the confidentiality of such information is typically protected pursuant to state or federal laws; (b) the designation is necessary to protect the Party or others from annoyance, embarrassment, oppression, or other negative consequences of the loss or diminution of its or others' financial or other privacy rights; (c) the designation is necessary to protect confidential and/or proprietary business, financial, competitive or otherwise confidential information; or (d) the information designated is otherwise appropriately subject to a protective order under the Federal Rules of Civil Procedure or the Rules of this Court. Except as otherwise provided in this Order, counsel for the Parties shall receive and be primarily responsible for any Confidential Material produced for use in this case only.

2. Any Party or third party designating material as "Attorneys' Eyes Only" herein represents in good faith that it contains trade secrets such as information relating to product or curriculum development information, confidential business information such as customer lists, potential customers and marketing surveys, marketing plans or strategies, or non-public information or projections (including without limitation information about sales, income, profits, liabilities and assets) and other financial information which, if disclosed to another Party or to the public, would put the producing party or parties at a competitive disadvantage. Information designated as "Attorneys' Eyes Only" shall not be viewed by the opposing Party, or by anyone acting for the same other than their or its respective counsel except as set forth below. Except as otherwise provided in this Order, counsel for the Parties shall receive and retain exclusive custody and control over any Confidential Material produced for use in this case only.

3. Any Party or third party producing or disclosing Confidential or Attorneys' Eyes Only material in discovery or otherwise to another Party shall designate it as "Confidential Material" or as "Attorneys' Eyes Only," as appropriate, preferably by so marking the document. Alternatively, the document may be so designated in an attached letter. Such designation may be used where such material contains information falling within the scope of paragraphs 1 or 2 above, as appropriate.

4. As a general guideline, no information which is publicly available, including any information which can be ascertained by examination of a product sold or disseminated by any Party, should be designated as "Confidential" or "Attorneys' Eyes Only."

5. A document may be designated as "Confidential" or "Attorneys' Eyes Only" only when it has not been disclosed to any third party (except pursuant to a nondisclosure agreement or another legal obligation not to disclose, and when it contains nonpublic information that may be reviewed by persons affiliated with the receiving Party but must be protected against disclosure to third parties).

6. Material designated as "Confidential" or as "Attorneys' Eyes Only" shall be used solely by Plaintiffs and ITS for their respective prosecution or defense efforts in this lawsuit. During both the pendency of this lawsuit and subsequent to its termination, such material shall not be used for any other purpose. Control and distribution of all such material shall be the responsibility of the Parties' attorneys of record herein and shall be solely in accordance with the provisions of this Order. Any copying of such material shall be strictly limited to the minimum number of copies necessary to effectuate use in this litigation.

7. Except as otherwise provided herein, material designated as "Confidential" may be inspected, examined or read by, and disclosed, described or summarized, on a need-to-know basis, to Parties and their respective officers, directors, in-house counsel, personal counsel or employees of the Parties, and to retained independent experts whose technical advice and consultations are being or will be used in connection with the present litigation; provided that prior to such disclosure any independent expert has either: (1) executed a written statement in the form attached hereto as **Exhibit "A,"** acknowledging and agreeing to be bound by the terms of this Order or (2) agreed to be so bound on the record at a deposition. Copies of any such executed written statement shall be retained by the counsel directing the disclosure.

8. Except as otherwise provided herein, material designated as "Attorneys' Eyes Only" may be inspected, examined or read by, and disclosed, described or summarized to, only the following persons:

    (a) counsel of record for the Parties in this litigation, their partners, associates,

1  paralegals and other law office employees, other lawyers specifically retained by them in
2  connection with the litigation and members of the counsels' clerical and secretarial staff who
3  are working on this case under the direction of counsel to whom it is necessary that the
4  material be shown for purposes of this case;

5      (b)    other persons requested, retained or consulted by or on behalf of any party or
6  counsel to provide or furnish technical, analytical or other expert assistance or testimony, or
7  who are, and their employees (such persons are "experts");

8      (c)    stenographic reporters and videographers engaged in deposition proceedings;

9      (d)    the court, persons employed or designated by the court, and the jury (if
10 applicable); and

11     (e)    a single client representative, who must execute the written statement in the
12 form attached hereto as "Exhibit A" and to whom counsel may disclose "Attorneys Eyes
13 Only" Material, but who may not receive or retain any documents so designated, make,
14 receive or retain copies thereof or make use of any information contained in "Attorney's
15 Eyes Only" material for any purpose not directly related to this lawsuit.

16     9.    If "Confidential Material" or "Attorneys' Eyes Only" material becomes the subject of
17 questions or testimony at a deposition, the relevant portions of the deposition transcript and copies of
18 the Confidential Material identified as exhibits thereto shall be marked as "Confidential – Material
19 Subject to Court Protective Order" if a Party requests the court reporter to do so at the deposition or
20 within ten business days of a Party's receipt of a final transcript of the deposition. Such portions of
21 the deposition transcript shall be disclosed only as permitted by this Order.

22     10.    The Parties agree that the designation of any document as "Confidential" or
23 "Attorneys' Eyes Only" Material is not a concession by the receiving Party that such document is
24 confidential in nature for purposes of the underlying merits of this action. Compliance with the
25 terms of this Order or the lack of a challenge to a designation pursuant to this Order shall not operate
26 as an admission of the confidentiality of any particular document for purposes of the underlying
27 merits of this action.

11. If counsel for any Party provides copies of "Confidential" Material to that Party, the Party receiving the "Confidential" Material shall maintain its confidentiality and that of its contents, and shall return those copies of the received "Confidential" Material to its counsel or destroy them at the final termination of this case.

12. Except as provided herein, the Parties are prohibited by this Order from distributing, showing, disseminating, discussing, corresponding about or providing photocopies, reproductions, abstracts, lists, or summaries of any Confidential Material to anyone not identified or classified as set forth above without the prior written consent of the designating Party.

13. If a Party deems it necessary to file Confidential Material with the Court as part of any pleading or other document, or to submit Confidential Material as an exhibit in support of a motion or at trial, the Party seeking to file or offer such document(s) shall promptly first move for permission to do so under seal as permitted by the rules of the Northern District of California. Such moving party shall not be prohibited from using Confidential Material in support of its case in the event that such sealing motion is not granted, or is not granted prior to presentation of such material.

14. Nothing in this Order shall preclude any party to this proceeding or their attorneys from:

(a) Showing "Confidential" or "Attorney's Eyes Only" Material to an individual who prepared, received or reviewed the document prior to the filing of this action.

(b) Disclosing or using, in any manner or for any purpose, any information, documents or things from the Party's own files.

(c) Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery in this action with respect to which a Party has an independent right of access.

(d) Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or which subsequently becomes through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise, or is already rightfully in

the possession of the receiving party at the time of the production.

15. If any Party is served with a request for production of documents or subpoena or similar process, in any litigation, that directs that Party to produce any "Confidential" or "Attorney's Eyes Only" Material designated as such by that Party, counsel for that Party shall as soon as reasonably possible but no later than one business day before the production is due give counsel for the designating Party written notice of the fact of such service so that the designating Party may seek a Protective Order or otherwise act to protect the confidentiality of the designated materials.

16. Upon final termination of this action and any resulting appeal, "Confidential" and "Attorney's Eyes Only" Material described in this Order and previously produced, including all copies, abstracts or summaries thereof (other than attorney work product, and one complete copy of deposition testimony given in this action, all of which may be retained by counsel) shall be either returned to counsel for the designating Party within thirty (30) days or destroyed by counsel, at the disclosing Party's election. Upon request, Counsel for the receiving Party shall provide written verification to the producing Party that all copies of such materials produced to the receiving Party have been returned or destroyed, other than as indicated in this paragraph. Confidential Material in the custody of the Court is excepted from the terms of this paragraph.

17. The terms of this Order shall survive the final termination of this action.

18. In the event that a Party (the "Challenging Party") believes that information designated as "Confidential" or "Attorney's Eyes Only" by another Party (the "Designating Party") is not properly subject to this Order, the Challenging Party may move the Court for an order that such information is not governed by the terms of this Order. The Challenging Party shall bear the burden of establishing that such information is not properly subject to the terms of this Order.

19. To the extent a Party has produced information prior to the entry of this Order and that Party believes such information is properly the subject of this Order, that Party may designate such information as Confidential Material, *nunc pro tunc*, in the manner set forth above. The terms of this Order shall govern such information from the date of the designation as Confidential Material.

1  20. Nothing in this Order prohibits a Party from subsequently requesting the judicial modification or vacating of this Order, or from seeking such other relief or protective orders as may be appropriate.

21. Pursuant to Fed. R. Evid. 502(b), the production by any Party during discovery of documents containing information protected by the attorney-client privilege or the attorney work-product doctrine shall be deemed inadvertent and shall not operate to waive the protections of the privilege or the doctrine as to the producing Party, provided that as soon as reasonably practicable after the producing Party's learning of the production or the receiving Party's notification to the producing Party of its receipt of the documents the producing Party has requested the documents' return. Upon receipt of a timely request the receiving Party shall immediately return such documents to the producing Party and shall not retain any copies.

Dated: December 7, 2012

**GAUNTLETT & ASSOCIATES**

By:     /s/ Andrew M. Sussman
        David A. Gauntlett
        James A. Lowe
        Andrew M. Sussman

Attorneys for Plaintiffs
LOPEZ TAX SERVICE, INC., CARLOS C. LOPEZ, KRISTEENA S. LOPEZ, and LATINO TAX PROFESSIONALS ASSOCIATION, LLC

Dated: December 7, 2012

**THRESHOLD COUNSEL, P.C.**

By:     /s/ Christopher E. Gatewood
        Christopher E. Gatewood

Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone: (831) 703-4011
Facsimile: (831) 533-5073
nick@ranallolawoffice.com

Christopher E. Gatewood  *[Admitted PHV]*
THRESHOLD COUNSEL, PC
1905 Huguenot Road, Suite 200
Richmond, VA 23235

Telephone: (804) 677-0947
Facsimile: (804) 482-2641
chris@thresholdcounsel.com

Attorneys for Defendant
THE INCOME TAX SCHOOL, INC.

**ORDER**

IT IS SO ORDERED.

Dated: December 10, 2012 _____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation And Protective Order entered in *Lopez Tax Service, Inc. v. The Income Tax School, Inc.,* CV12-02654-JSW (Consolidated with Case No. CV12-04181-JSW), United States District Court, Northern District of California, and hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further order of the Court, in which case I agree to be bound by terms of the Order as modified. I hereby consent to the jurisdiction of the Northern District of California for purposes of enforcing the Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address