IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOPEZ TAX SERVICE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INCOME TAX SCHOOL, INC.,<br><br>Defendant. | Case No.: C-12-02654 JSW (JSC)<br><br>**ORDER RE: JOINT DISCOVERY LETTER** |

The Court is in receipt of the parties' joint discovery letter concerning various discovery issues. (Dkt. Nos. 53, 57.) The letter informs the Court that following the parties' meet-and-confer, they have "narrowed but have not eliminated the issues." (Dkt. No. 53 at 1.) However, after reviewing the letter, it appears that most of the issues raised are not ripe for the Court's review or have been eliminated through the meet-and-confer process. For instance, regarding Plaintiffs' Interrogatories Nos. 3, 4, and 5, the parties relay to the Court their meet-and-confer discussions and then conclude the section as follows: "in the spirit of cooperation, and to insure its full compliance with the business records option under Rule 33(d), ITS will improve on the specificity of its answers by providing Bates numbers in supplemental answers to interrogatories on or before June 19, 2013." (*Id.* at 4.) Defendant's supplemental answers to the interrogatories may satisfy Plaintiffs' request and

the Court accordingly declines to rule on the issue at this time. For those disputes that remain following Defendant's supplemental production, the parties may file a new joint letter, after meeting and conferring, that addresses *only* those issues that are actual disputes and ripe for the Court's consideration.

In addition, the parties' new joint letter, if any, shall clearly identify the parties' respective positions on the issues and each party's final proposed compromise. *See* Civil Standing Orders for Magistrate Judge Jacqueline Scott Corley, at 4 ("Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue."). The parties' current letter fails to do this. For example, the letter appears to identify as a potential issue Defendant's responses to Plaintiffs' First Request for Production, which concern Defendant's claim of lost profits. (Dkt. No. 53 at 5-6.) The last sentence discussing the issue provides: "During the meet and confer, ITS stated that it is not seeking actual damages, but will rely on statutory damages and attorneys' fees where applicable to certain of the allegedly infringed works, and on the infringers' profits remedy." (*Id.* at 6.) It is not apparent whether the parties believe this is an issue still in dispute or a matter that the parties have resolved on their own. There is no analysis, only background. More generally, the parties should divide each issue into sections titled "Plaintiffs' Position" and "Defendant's Position" so the Court is able to identify the parties' arguments and their proposed compromises.

The Court accordingly denies without prejudice Plaintiffs' requests contained in the joint letter. For issues that remain and are ripe for the Court's consideration, the parties' shall file a renewed joint letter that complies with this Court's standing orders. If either party believe that formal briefing is required, that party shall submit its request for such briefing with the Court.

IT IS SO ORDERED.

Dated: June 20, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE