IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOPEZ TAX SERVICE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INCOME TAX SCHOOL, INC.,<br><br>Defendant. | Case No.: C-12-02654 JSW (JSC)<br>**ORDER RE: JOINT DISCOVERY LETTER** |

The Court is in receipt of the parties' joint discovery letter concerning the deposition of Sandra Barrett. (Dkt. No. 60.) After carefully considering the parties' arguments, the Court concludes that a deposition of Barrett is warranted.

Plaintiffs assert that Barrett, a former employee of the predecessor company to Defendant/Counter-Claimant Income Tax School, Inc., was the original author of four of the eight allegedly infringing works at issue in this action. The works in question are all training materials for income tax professionals, which Plaintiffs contend include non-copyrightable IRS materials. Plaintiffs assert that Barrett's deposition is necessary because, "[s]ince the basis for any copyright of those works is as a compilation or a derivative, only this witness can identify what original material or what original selection and arrangement of pre-existing government publications was created and

therefore what is the basis of ITS['] copyrights." (Dkt. No. 60 at 1.) Defendant does not argue that Barrett's deposition is irrelevant or unimportant to the case; rather, Defendant contends that Plaintiffs' request to depose Barrett should be denied because the request occurred on June 13, 2013, well after the June 3 discovery cut-off, and Plaintiffs knew or should have already known of Barrett's importance to the case months earlier.

Although Plaintiffs likely should have realized during the parties' depositions in December that Barrett played a significant role in the development of some of the infringing works, Defendant has failed to show how it would be prejudiced if Barrett were to be deposed now. Summary judgment briefs are not scheduled to be filed until August 30, 2013, with a planned hearing for October 25, 2013. If her deposition is taken within the next few weeks, the parties' schedule will be unaffected. Further, it appears that Defendant's own tardiness in responding to Plaintiffs' interrogatories may have contributed to Plaintiffs' delayed deposition request. (*See* Dkt. No. 60 at 5 ("ITS answered the Lopez Parties' interrogatories on June 3, nearly two weeks after the May 22 due date and the day fact discovery closed.").)

Given her apparent significance to the case, deposing Barrett will contribute to a fair determination of this action. Plaintiffs' request is accordingly GRANTED.

IT IS SO ORDERED.

Dated: July 15, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE